IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STAMAR RICHARD MILLER, *et al.*, | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-3639 |
| | : | |
| GEORGE W. HILL CORRECTIONAL | : | |
| FACILITY AUTHORITIES, *et al.*, | : | |
|     Defendants. | : | |

**<u>MEMORANDUM</u>**

**YOUNGE, J.**                                                                                                           **NOVEMBER 10, 2022**

      Stamar Richard Miller and Jermaine Matthews are among a group of detainees in custody at George W. Hill Correctional Center ("GWH"), who brought this civil rights action naming as Defendants "George. W. Hill Correctional Facility Authorities" and GWH Warden L. Williams. Numerous other individuals printed their names on a piece of paper that Miller attached to the Complaint. However, only Miller and Matthews complied with a prior Order to submit an application to proceed *in forma pauperis* and their institutional account statements.[1] For the reason that follow, Miller and Matthews will be granted leave to proceed *in forma pauperis*, the other listed individuals will be dismissed without prejudice for failure to prosecute their claims,[2]

---

[1] An Amended Order entered on September 22, 2022, (ECF No. 4), also required all listed plaintiffs other than Miller to sign Rule 11 Declarations after reviewing the Complaint since only Miller signed the original Complaint. (ECF No. 1 at 8). While Matthews did not sign the form Complaint or submit a Declaration, the Court will accept his handwritten name on an attachment to the Complaint as compliance with Rule 11 since he complied with the other aspects of the Amended Order and thus indicated his intention to proceed with the case after receiving the Amended Order. (*See* ECF No. 1 at 2.)

[2] The Court notes that several of the persons listed as plaintiffs never received the Amended Order because they were released from custody.

and the claims of Miller and Matthews will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.     FACTUAL ALLEGATIONS

Miller's and Matthews's allegations are straightforward.  They assert that on Unit 7A at GWH on September 5, 2022, unidentified officials confiscated the residents' sheets and blankets and exchanged them with "Lifeline Isolation/Suicide Cell Blankets."  (Compl. (ECF No. 1) at 4.)[3]  Advertising material for this product allegedly states that the product it used for inmates that are believed to be a risk of committing self-harm or suicide.  (*Id*. at 4, 5.)  Miller and Matthews assert that none of the residents on Unit 7 "reach these requirements" (*id.* at 4), which the Court understands to mean that they were not suicidal when issued the product in lieu of their usual bed sheets.  They assert they still have all of their clothing and other items, indicating they are not at risk of suicide.  (*Id*.)

Miller and Matthews assert that the product is uncomfortable and does not fit their beds.  (*Id*.)  They also complain that the product's dye turns their clothes green, and the material is irritating to their skin.  (*Id*. at 4, 6.)  The seek to have their regular bed sheets returned, and money damages to have their clothes replaced.

## II.    STANDARD OF REVIEW

The Court grants Miller and Matthews leave to proceed *in forma pauperis*.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

[4] Because Miller and Matthews are prisoners, they each must still pay the $350 filing fee in installments as required by the Prison Litigation Reform Act.

by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Miller and Matthews are proceeding *pro se*, the Court construes their allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.     DISCUSSION

Miller and Matthews name only the Warden of GWH and unnamed "officials."  For purposes of screening their claims, the Court will assume that the Warden and the unnamed officials were personally involved in the decision to replace their bed linen with the suicide cell blankets.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.).  The Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees like Miller and Matthews.  *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).  To establish a basis for a Fourteenth Amendment violation, a prisoner must allege that his conditions of confinement amount to punishment.  *Bell v. Wolfish*, 441 U.S. 520, 538 (1979).  "Unconstitutional punishment typically includes both objective and subjective components."  *Stevenson v. Carroll*,

495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted).

In that regard, "a 'particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" *Bistrian v. Levi*, 696 F.3d 352, 373 (3d Cir. 2012) (quoting *Stevenson*, 495 F.3d at 68); *Steele v. Cicchi*, 855 F.3d 494, 504 (3d Cir. 2017). Courts should consider the totality of the circumstances in evaluating such a claim. *Bistrian*, 696 F.3d at 373 ("In evaluating a pretrial detainee's claim of unconstitutional punishment, courts must examine the totality of the circumstances within the institution."). Furthermore, "[i]n determining whether restrictions or conditions are reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion," courts are obligated to keep in mind that "such considerations are peculiarly within the province and professional expertise of corrections officials . . . ." *Stevenson*, 495 F.3d at 68 n.3.

The allegation that bed sheets were exchanged for suicide cell blankets fails to meet the objective part of the punishment test. Miller and Matthew allege only that the product was uncomfortable, scratchy, did not fit their beds, and discolored their clothes. This does not plausibly allege that the condition of using the suicide cell blankets instead of bed sheets constituted a sufficiently serious restriction. Additionally, Miller's and Matthew's allegations fail to meet the subjective part of the analysis. While Miller and Matthews assert that they were not suicidal and did not require the use of the product, they do not allege plausibly that GWH

officials had an express intent to punish them.  In short, the use of an alternative to bed sheets is the type of consideration peculiarly within the province and professional expertise of corrections officials.  Accordingly, the claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Miller's and Matthews's Complaint in its entirety.  Because amendment of the claim would prove futile, the dismissal will be with prejudice.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile").  An appropriate order follows.

**BY THE COURT:**

*/s/ John Milton Younge*
**JOHN MILTON YOUNGE, J.**